## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IMRE KIFOR,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>COMMONWEALTH OF<br>MASSACHUSETTS; MAURA HEALEY,<br>Governor; ANDREA JOY CAMPBELL,<br>Attorney General; GEOFFREY E.<br>SNYDER, Commissioner Department of<br>Revenue; JOHN D. CASEY, Chief Justice;<br>BRIAN J. DUNN, Chief Justice; CHRISTY<br>OLEZESKI, PHD; KENNETH BURDICK,<br>Counseling Center of New England,  DR.<br>STEVEN STRONGWATER, Atrius<br>Health, BARBARA A. DUCHESNE, and<br>CYNTHIA S. OULTON,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)　Civil Action No. 25-CV-11831-AK<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

**KELLEY, D.J.**

Plaintiff Imre Kifor ("Kifor") has filed a *pro se* Complaint [Dkt. 1], an Application to Proceed in District Court Without Prepaying Fees or Costs [Dkt. 2], a Motion for Leave to Amend his Complaint [Dkt. 6], an Emergency Motion for Injunction [Dkt. 10], and a Renewed Motion to Amend Original Complaint [Dkt. 16] with an Addendum [Dkt. 22] and an additional Amended Complaint. [Dkt. 23].  Kifor also filed supporting affidavits [Dkts. 3, 7 – 9, 11 – 12, 14, 17 – 21, and two status reports.  [Dkts. 24, 25].

For the reasons set forth below, this Court **GRANTS** the Application to Proceed in District Court Without Prepaying Fees or Costs, **DENIES** the Emergency Motion for Injunction,

1

and **DENIES AS MOOT** the two Motions to Amend.  The Court finds that the Amended Complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and directs Plaintiff to show good cause why he should not be enjoined from commencing new actions in this Court without receiving permission to do so.

## I.       Background

Kifor's Complaint seeks equitable and monetary relief for the alleged violation of his rights under federal and state law. [Dkt. 1 at 1, 28].  He originally named as Defendants the Commonwealth of Massachusetts, the Massachusetts Governor and Attorney General, the Commissioner of the Massachusetts Department of Revenue Child Support Services Division, and the former Chief Justice of the Massachusetts Probate and Family Court. [Id. at ¶¶ 3, 4].  He asserts claims under Title VI and Title VII of the Civil Rights Act of 1964, and 42 U.S.C. §§ 1981, 1983, and 1985. [Id. at ¶ 1].

Kifor filed a Motion for Leave to Amend to Proceed to Add a New Defendant and a New Claim. [Dkt. 6].  He then filed a Renewed Motion to Amend [Dkt. 16] and subsequently filed an Amended Complaint seeking to proceed as a class action and adding several new defendants and claims. [Dkt. 23].   The Amended Complaint adds a claim under the civil provision of the Racketeer Influenced and Corrupt Organizations Act ("RICO") and adds as Defendants the new Chief Justice of the Massachusetts Probate and Family Court, two women who are the mothers of Kifor's children, and three officers or employees of Yale School of Medicine, Atrius Health, and The Counseling Center of New England (now Lifestance Health, Inc). [Id.].

In the introduction, Kifor states that he brings his Amended Complaint due to continued and deliberate violations of federal law by the Commonwealth Defendants who "manifested (and now confirmed) sustained and systemic **conspiracy to 'silence and enslave'** with Marxist

2

agenda-driven, trivially unconstitutional, 'class-based,' i.e., based on merely group or pure political identities, deprivation of civil rights." [Id. at 1 – 2] (emphasis in original).  Kifor continues by stating that "[t]his conspiracy is organized (and enforced) on purpose with the now 14+ years-long, meticulously preserved and diligently substantiated patterns of Civil RICO-like (18 U.S.C. 1962, 'Civil RICO') racketeering – through the exclusively discriminatory (or subsequently retaliatory) 'RICO Predicate Acts' of mail fraud, obstruction of justice, and (RICO) retaliations by the State and the knowingly colluding other Defendants ('Cohorts')."  [Id. at 2].

**II.    The Application to Proceed in District Court Without Prepaying Fees or Costs**

Upon review of Kifor's Application to Proceed in District Court Without Prepaying Fees or Costs, the Court concludes that he is without income or assets to pay the $405.00 filing fee. The Application to Proceed in District Court Without Prepaying Fees or Costs [Dkt. 8] is therefore **GRANTED**.

**III.    The Motions for Leave to Amend**

Rule 15 of the Federal Rules of Civil Procedure provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1).  Because the original Complaint is subject to preliminary screening and summons have not issued, Kifor's motions are unnecessary because leave of the Court is not required.

The Motion for Leave to Amend [Dkt. 6] and Renewed Motion to Amend [Dkt. 16] are therefore **DENIED AS MOOT**.  Kifor's Amended Complaint [Dkt. 23] is the operative pleading.

### IV.      Screening the Amended Complaint

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue until the Court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915.  This statute authorizes federal courts to dismiss a complaint *sua sponte* if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).

In conducting this review, the Court liberally construes the pleadings because Kifor is proceeding *pro se*. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

### V.        Discussion

The Amended Complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a plausible claim for relief.  The doctrine of *res judicata* and preclusion rules bar the re-litigation of Kifor's claims because they were previously asserted, or could have been asserted in his prior litigation.[1]  The Court's records indicate that the instant action is the seventh case Kifor has filed in this federal court stemming from his dissatisfaction with the state court proceedings and the government's efforts to enforce child support orders. See Kifor v. Commonwealth, et al., No. 23-CV-12692-PBS (screening dismissal), aff'd No. 24-1075 (1st Cir. Nov. 19, 2025);  Kifor v. Commonwealth of Massachusetts, et al., No. 22-CV-11948-PBS (screening dismissal), aff'd No. 23-1013 (1st Cir. March 20, 2023); Kifor v. Commonwealth of Massachusetts, et al., No. 22-CV-11141-PBS (screening dismissal), aff'd No. 23-1008 (1st Cir. Aug. 4, 2023); Kifor v. Commonwealth of Massachusetts, et al., No. 21-CV-11968-IT (screening

---

[1] "*Res judicata*" is sometimes used to refer to both issue preclusion and claim preclusion. Brownback v. King, 592 U.S. 209, 215 n.3 (2021).

dismissal); Kifor v. Commonwealth of Massachusetts, et al., No. 21-CV-10699-IT (screening dismissal); and Kifor v. Middlesex Probate & Family Ct., No. 20-CV-11601-PBS (summary dismissal of § 2241 habeas petition).

The doctrine of claim preclusion prohibits parties from contesting issues that they have had a "full and fair opportunity to litigate." Taylor v. Sturgell, 553 U.S. 880, 892 (2008). The doctrine of claim preclusion applies when there is "(1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits." Foss v. Marvic, Inc., 103 F.4th 887, 891 (1st Cir. 2024) (citations omitted). Here, Kifor previously brought several lawsuits against many of the same defendants concerning the same claims. As a result, Kifor's Amended Complaint must be **DISMISSED**.

Kifor's Emergency Motion [Dkt. 10] must also be **DENIED**. He cannot demonstrate that he is likely to succeed on the claims, because, as set forth above, his claims are subject to dismissal. Even with a generous reading of the Amended Complaint, it fails to state a claim upon which relief can be granted. In light of the nature of the claims asserted, the Court finds that amendment would be futile. Garayalde-Rijos v. Municipality of Carolina, 747 F.3d 15, 23 (1st Cir. 2014) (explaining that sua sponte dismissal is appropriate only when it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile).

Finally, in 2023, Kifor was warned "that if he continues to file in this Court any future complaints concerning the proceedings in the state court, he may be restrained from filing any future complaints with this Court as well as become subject to other filing restrictions and sanctions." See Kifor, No. 23-12692-PBS (Memorandum and Order Dkt. No. 13). At that time, the Court noted that "Kifor has filed several unsuccessful lawsuits with allegations arising out of

the same or similar events against identical or substantially similar parties." Id. at 8.  The Court found that "Kifor's conduct rises above the level of litigiousness and qualifies as vexatious" and that his "repeated filing of lawsuits concerning his family court matters is an abuse of the process." Id.

In spite of this warning, Kifor commenced the instant action, thus engaging in the very type of abuse of the judicial system against which the Court had already warned him.  As Kifor seems unwilling or unable to heed the Court's warning against filing repetitious and/or precluded actions, the Court finds that it is appropriate to enjoin Kifor from filing any new cases on the civil docket of this Court without first receiving permission to do so.  The Court may impose this filing restriction pursuant to its "responsibility to see that [judicial] resources are allocated in a way that promotes the interests of justice." In re McDonald, 289 U.S 180, 184 (1989) (per curiam).

Before issuing an order of enjoinment, the Court will afford Kifor an opportunity to show cause why this filing restriction should not be imposed. Accordingly, Kifor is **DIRECTED** to show good cause why he should not be enjoined from filing new cases on the civil docket of this Court without first receiving permission to do so.  If Kifor fails to show good cause why he should not be so enjoined within **twenty-one (21)** days, the Court will issue an order of enjoinment.

### VI.    Conclusion

Accordingly,

1.    Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [Dkt. 2] is **ALLOWED**.

2.      Plaintiff's Motion for Leave to Amend [Dkt. 6] and Renewed Motion to Amend [Dkt. 16] are **DENIED AS MOOT**.

3.      Plaintiff's Emergency Motion for Injunction [Dkt. 10] is **DENIED**.

4.      Plaintiff's amended complaint [Dkt. 23] is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The Clerk shall enter a separate order of dismissal.

5.      The Court **DIRECTS** Kifor to show good cause in writing why he should not be enjoined from commencing new actions on the civil docket of this Court without first receiving permission to do so.  Failure to follow this directive within **twenty-one (21)** days will result in imposition of said order of enjoinment.

        **SO ORDERED.**

Dated: March 25, 2025

/s/ Angel Kelley_____
Hon. Angel Kelley
United States District Judge

7