UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IMRE KIFOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Civil Action No. 25-CV-11831-AK |
| v. | ) | |
| | ) | |
| COMMONWEALTH OF | ) | |
| MASSACHUSETTS; MAURA HEALEY, | ) | |
| Governor; ANDREA JOY CAMPBELL, | ) | |
| Attorney General; GEOFFREY E. | ) | |
| SNYDER, Commissioner Department of | ) | |
| Revenue; JOHN D. CASEY, Chief Justice; | ) | |
| BRIAN J. DUNN, Chief Justice; CHRISTY | ) | |
| OLEZESKI, PHD; KENNETH BURDICK, | ) | |
| Counseling Center of New England,  DR. | ) | |
| STEVEN STRONGWATER, Atrius | ) | |
| Health, BARBARA A. DUCHESNE, and | ) | |
| CYNTHIA S. OULTON, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER OF ENJOINMENT

**KELLEY, D.J.**

On March 25, 2026, this Court dismissed this action filed by Plaintiff Imre Kifor ("Kifor"). [Dkt. 26]. In the March 25 Order, the Court reminded Kifor that in 2023 he was warned "that if he continues to file in this Court any future complaints concerning the proceedings in the state court, he may be restrained from filing any future complaints with this Court as well as become subject to other filing restrictions and sanctions." [Id. at 5 (quoting Kifor v. Commonwealth, et al., No. 23-CV-12692-PBS (screening dismissal), aff'd No. 24-1075 (1st Cir. Nov. 19, 2025)]. "In spite of this warning, Kifor commenced the instant action, thus engaging in the very type of abuse of the judicial system against which the Court had already

1

warned him." [Id. at 6].  Before issuing an order of enjoinment preventing Kifor from filing any new cases on the civil docket of this Court without first receiving permission to do so, the Court allowed an opportunity for Kifor to show good cause why he should not be so enjoined. [Id.].

Instead of addressing the Court's concerns, Kifor made a 34-page filing that included a proposed amended complaint titled, "Complaint for Deprivation of Civil Rights and Conspiracy to Deprive Civil Rights." [Dkt. 29].  In brief, instead of showing good cause as to why Kifor should not be enjoined from making filings, he continued to attempt to relitigate the very same family court matters.

In light of the above and based on the Court's power to impose filing restrictions pursuant to its "responsibility to see that [judicial] resources are allocated in a way that promotes the interests of justice," Kifor is now **ENJOINED** from filing any new cases on the civil docket of this Court without first receiving permission to do so. In re McDonald, 289 U.S 180, 184 (1989) (per curiam).

## I.   CONCLUSION

Accordingly, the Court hereby **ORDERS**:

1.      Unless represented by counsel, Imre Kifor is hereby **ENJOINED** from commencing any new action on the civil docket of this Court without first obtaining written approval of a judge of this Court by filing a written petition seeking leave of Court to do so.

2.      The petition to commence a new action must be accompanied by a copy of this Order, together with the papers sought to be filed, and a certification under oath that there is a good-faith basis for their filing.

2

3. The petition must be accompanied by payment of the fee to initiate a case on the Miscellaneous Business Docket (currently $52.00) or a motion for leave to proceed without prepayment of that fee.

4. The Clerk shall accept the petition and the accompanying documents, mark them received, and forward them for action on the petition to a judge of this Court authorized to act on matters on the Miscellaneous Business Docket.

5. Any documents that are submitted for filing by Kifor in violation of this Order shall not be filed or docketed by the Clerk's Office, but shall be returned to the plaintiff.

6. In addition, with the exception of a notice of appeal or a motion to appeal *in forma pauperis*, Kifor shall not file any further documents in this action.  Failure to comply with this Order may result in sanctions.  If the Clerk accepts documents submitted in violation of this Order, said documents shall not be docketed as motions (even if Kifor designates them as such), and the Court will not take any action on them.  At the Clerk's discretion, the Clerk may return to Kifor documents submitted in violation of this order.

**SO ORDERED.**

Dated: March 31, 2025

/s/ Angel Kelley_____
Hon. Angel Kelley
United States District Judge

3